**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Fischer,<br><br>   Petitioner,<br><br>v.<br><br>B. Von Blankensee,<br><br>   Respondent. | No. CV-19-00433-TUC-RCC<br><br>**ORDER** |

On January 15, 2020, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") in which he recommended the Court deny Petitioner Mark Fischer's pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 9). (Doc. 17.) Judge Ferraro notified the parties they had fourteen days from the date of the R&R to file objections and an additional fourteen days to file a response. *Id.* Plaintiff filed his objection to the R&R (Doc. 20); Defendant did not file a response. For the reasons stated below, the Court adopts the Magistrate Judge's R&R and denies the Petition.

### I. STANDARD OF REVIEW: MAGISTRATE'S R&R

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. FACTUAL HISTORY

Petitioner does not object to the Magistrate's statement of facts. As such, the Court adopts the Magistrate Judge's recitation of facts, and merely summarizes as necessary to address Petitioner's objections.

Petitioner has been denied parole three times; the third denial forms the basis for the instant Petition. Petitioner alleges that the United States Parole Commission ("Commission") erred when it denied him parole because the Commission (1) incorrectly calculated his risk of recidivism under the Static-99 score and (1) inappropriately evaluated Petitioner's minimalization of his offense. (Doc. 9 at 4.) The Commission gave Petitioner a Static-99 score of 3 when he should have received a Static-99R score of -1. *Id.*

Respondent admits that Petitioner was given an incorrect Static-99R score. (Doc. 15 at 2.) Respondent further concedes that Petitioner is entitled to a new parole hearing but disagrees with Petitioner's assertion that the error entitles him to immediate release. *Id.* Regardless, Respondent claims, since Petitioner was granted a new parole hearing the Petition is now moot. *Id.* at 4-6.

Petitioner counterargues that he is not raising a due process claim, but instead he is challenging the Commission's lack of evidence supporting its denial of parole. Because of this, he claims, the Court should evaluate whether the Commission had "good cause" to depart from the parole guidelines. (Doc. 16 at 7.) To grant him relief, Petitioner believes the Court must determine that the decision was arbitrary and capricious and

order the Commission to immediately grant parole. (Doc. 9 at 9.)

### III. MAGISTRATE'S R&R

The Magistrate Judge found that because he had already been granted a rehearing, there was no further relief that the Court could provide and therefore Petitioner's claim was moot. (Doc. 17 at 3-6.) The Magistrate Judge indicated, "The appropriate remedy for the Commission's admitted error in considering the wrong Static-99R[1] score is a new parole eligibility hearing. *See, e.g., Benites v. U.S. Parole Com'n*, 595 F.2d 518, 520, 521 (9th Cir. 1979) (upholding district court's grant of partial habeas relief in the form of a new parole eligibility hearing where parole commission applied incorrect criteria in denying parole)." *Id.* at 4.

In addition, the judge disagreed with Petitioner's assertion that (1) he was not raising a due process claim and (2) because it was not a due process claim, a new parole hearing was not the appropriate relief, but rather immediate parole. *Id.* at 5. The judge found the case law cited by Respondent persuasive wherein an error in a parole hearing permitted a new hearing for relief. *Id.*

### IV. PETITIONER'S OBJECTION

Petitioner's Objection again argues that he was not raising a due process claim, therefore, the Court should evaluate whether there was good cause to vary from the parole guidelines. (Doc. 20 at 3-5.) Because he asserts there was no good cause, the decision was arbitrary, and he is entitled to an order vacating the Commissioner's decision, mandating a rehearing, and granting immediate parole. *Id.* at 3.

### V. DUE PROCESS

"A federal court's jurisdiction to review the Parole Commission's decisions 'is limited. [The district court] determine[s] whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process.'" *Williams v. Ives*, No. CV 15-5116-GW (AGR), 2017 WL 1030114, at *5 (C.D. Cal. 2017) (quoting *Benny v. U.S.*

---

[1] Petitioner argues that the Magistrate said the Commission gave him a Static 99R score instead of a Static 99 score. This is inconsequential to the Court's determination that Petitioner's claims are moot. Moreover, Petitioner has not explained how the error would change the Court's analysis.

- 3 -

*Parole Comm'n*, 295 F.3d 977, 981-81) (9th Cir. 2002)).

Despite his contention that he asserts a "good cause" claim, not a due process violation, the court is not convinced. He claims that the Commission's denial of parole was contrary to parole guidelines, was arbitrary and capricious, and was beyond the Commission's statutory authority provided for by the laws of the United States. This is a due process claim.

## VI. REMEDY AND MOOTNESS

"A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation and quotation marks omitted). An issue is moot and must be dismissed when "an event occurs that prevents the court from granting effective relief." *Id*.

The Court agrees with the Magistrate Judge that the appropriate remedy for Petitioner's alleged due process violation is to grant a new hearing. *See Williams v. Ives*, No. CV 15-5116-GW (AGR), 2017 WL 1030114, at *9 (C.D. Cal. Jan. 31, 2017) (finding that a new hearing, not immediate release, is the appropriate remedy for due process violation caused by a parole decision). Petitioner has already been granted a new hearing at the next available hearing date. Therefore, the action the Court would take–to order a new parole hearing–has already been effectuated and any order by the Court would be meaningless. This renders the issue moot.

Petitioner's objection also asks the Court to hold its decision in abeyance pending the rehearing. This is inappropriate because regardless of the outcome, the rehearing will have no effect on the Court's analysis of the instant parole denial. The Court declines to stay this matter.

## VII. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition."

- 4 -

*Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], *see* § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.; see also Close v. Thomas*, 653 F.3d 970, 974 n.2 (9th Cir. 2011). Thus, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

Accordingly, **IT IS ORDERED**:

1. Magistrate Judge Ferraro's Report and Recommendation is **ADOPTED**. (Doc. 17.)
2. Petitioner's pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") **DENIED**. (Doc. 9.)
3. The Clerk of Court shall enter judgment accordingly and close the case file in this matter.

Dated this 4th day of March, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge